# EXHIBIT A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made this ___ day of December, 2017, by and between HOUSE OF GLASS, INC. and LEON CRUZ (hereinafter "HOUSE OF GLASS" collectively), and GIOVANNI CORREA (hereinafter "Plaintiff")

WHEREAS, Plaintiff formerly worked for HOUSE OF GLASS; and

WHEREAS, Plaintiff instituted a lawsuit against HOUSE OF GLASS for violations of the Fair Labor Standards Act ("FLSA"), case number 6:17-cv-676-Orl-28TBS (United States District Court Middle District of Florida, Orlando Division), alleging that Defendant misclassified him as an independent contractor and failed to properly pay him overtime wages for hours he worked in excess of forth hours a week;

WHEREAS, HOUSE OF GLASS denies liability herein and any wrongdoing with respect to Plaintiff, his employment or independent contractor arrangement with HOUSE OF GLASS, or the cessation thereof. HOUSE OF GLASS maintains that Plaintiff was properly classified as an independent contractor and therefore the FLSA does not apply to Plaintiff and believes that it acted in good faith and is therefore not subject to the FLSA's liquidated damages provision; and

WHEREAS, entry into this Agreement in no way reflects any change in HOUSE OF GLASS' position that it denies all liability and any wrongdoing with respect to Plaintiff or Plaintiff's employment or independent contractor arrangement with HOUSE OF GLASS; and

WHEREAS, Plaintiff and HOUSE OF GLASS wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

WHEREAS, Plaintiff affirms that as of the date he signs this Agreement, he is not Medicare eligible;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby STIPULATED AND AGREED by and between Plaintiff and HOUSE OF GLASS that case number 6:17-cv-676-Orl-28TBS (United States District Court Middle District of Florida, Orlando Division) is hereby resolved as follows:

1. **Recitals**: The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **Consideration**: In consideration for the execution by Plaintiff of this Agreement and his compliance with the promises made herein, and following HOUSE OF GLASS' receipt of this Agreement executed by Plaintiff, and following the Court granting the "Parties' Joint Motion For Approval of Settlement," HOUSE OF GLASS shall pay the total sum of Five Thousand Dollars and No Cents ($5,000) ("Settlement Sum") and deliver said Settlement Sum to Wenzel, Fenton, Cabassa P.A. on the following schedule:

**Payment #1**: To GIOVANNI CORREA, within ten calendar (10) days following the Court granting the "Parties' Joint Motion For Approval of Settlement" in this matter, One Thousand Two Hundred Fifty Dollars and No Cents ($1,250.00) for settlement of Plaintiff's FLSA unpaid wage claim. Half will be treated as back wages subject to applicable withholdings, and half as liquidated damages for an IRS Form 1099 will be issued.

**Payment #2**: To GIOVANNI CORREA, within 30 calendar days following Payment #1 above, One Thousand Two Hundred Fifty Dollars and No Cents ($1,250.00) for settlement of Plaintiff's FLSA unpaid wage claim. Half will be treated as back wages subject to applicable withholdings, and half as liquidated damages for an IRS Form 1099 will be issued.

**Payment #3**: To Wenzel, Fenton, Cabassa P.A. within 30 calendar days following Payment #2 above, Five Hundred Dollars and No Cents ($500.00). The Parties specifically acknowledge that Plaintiff's attorney's fees and costs as contained in payments #3-#7 were negotiated separately and without regard to the amount paid by HOUSE OF GLASS or received by Plaintiff for the FLSA claim raised by Plaintiff.

**Payment #4**: To Wenzel, Fenton, Cabassa P.A. within 30 calendar days following Payment #3 above, Five Hundred Dollars and No Cents ($500.00).

**Payment #5**: To Wenzel, Fenton, Cabassa P.A. within 30 calendar days following Payment #4 above, Five Hundred Dollars and No Cents ($500.00).

**Payment #6**: To Wenzel, Fenton, Cabassa P.A. within 30 calendar days following Payment #5 above, Five Hundred Dollars and No Cents ($500.00).

**Payment #7**: To Wenzel, Fenton, Cabassa P.A. within 30 calendar days following Payment #6 above, Five Hundred Dollars and No Cents ($500.00).

Such Settlement Sum shall be paid in resolution for Plaintiff's unpaid overtime claim under the FLSA, including any claims for liquidated damages under the FLSA, asserted in case number 6:17-cv-676-Orl-28TBS (United States District Court Middle District of Florida, Orlando Division). Such Settlement Sum includes attorneys' fees and costs, although attorneys' fees and costs were negotiated separately from the amount to be paid to Plaintiff. Plaintiff understands and acknowledges that he would not receive the consideration specified in Paragraph "2" except for his execution of this Agreement and the fulfillment of the promises contained herein.

   a.   HOUSE OF GLASS will issue a W-2 and 1099 to Plaintiff as required. Plaintiff agrees to pay federal, state, or local taxes, if any, which are required by law to be paid by his with respect to this Settlement Sum.

b.  Plaintiff understands and agrees that he would not receive the payments specified in paragraph "2" above, except for his execution of this Agreement and the fulfillment of the promises contained herein. Plaintiff also agrees that the consideration specified in this Agreement is sufficient to support the promises contained herein.

3.  **Release**. In consideration of the Settlement Sum described in Paragraph 2 of this Agreement, Plaintiff releases and discharges HOUSE OF GLASS from all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demand, costs, losses, debts, and expenses (including attorney fees and costs actually incurred) related to Plaintiff's claims under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq.*.

4.  **Opportunity to Review.** Plaintiff acknowledges that he is aware that he is giving up all claims he has or may have against HOUSE OF GLASS. Plaintiff acknowledges that he has been given the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that he *has* consulted an attorney prior to the execution of this Agreement and signs this Agreement knowingly, freely and voluntarily.

5.  **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

6.  **Non admission of Wrongdoing**. Plaintiff agrees that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by HOUSE OF GLASS of any liability or unlawful

conduct of any kind.

7. **Entire Agreement**. This Agreement is the only agreement between the parties hereto, and it fully supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except for those set forth in this Agreement.

8. **Venue and Governing Law**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in Orange County, Florida

9. **Attorneys' Fees**. In the event of litigation to enforce this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs, including also reasonable attorneys' fees and costs related to any appeal(s).

10. **Drafting**. The Parties agree that this Agreement and the provisions contained herein shall not be construed for or against any Party hereto because that Party drafted or caused that Party's legal representative to draft any of its provisions.

**PLAINTIFF HAS CONSULTED WITH AN ATTORNEY, PRIOR TO THE EXECUTION OF THIS AGREEMENT AND SIGNS THIS AGREEMENT KNOWINGLY, FREELY AND VOLUNTARILY.**

_____
GIOVANNI CORREA

HOUSE OF GLASS INC.
BY _____
LEON CRUZ, PRESIDENT

DATE ___12/22/2017_____   DATE __12/28/17_____

_[signature]_
LEON CRUZ, Individual and personal
guarantor of entire amounts owed

DATE __12/28/17_____