UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GIOVANNI CORREA,

    Plaintiff,

v.                                                Case No:   6:17-cv-676-Orl-28TBS

HOUSE OF GLASS, INC. and LEON
CRUZ,

    Defendants.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Second Renewed Joint Motion to Approve FLSA Settlement and for Dismissal of All Claims with Prejudice (Doc 41). After due consideration I respectfully recommend that the motion be **granted**.

### I. Background

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* case. Plaintiff Giovanni Correa claims that from May 2015 through November 2016, he was employed by Defendant House of Glass, Inc., as an installer, earning $12 per hour (Doc. 24 at 1). Defendant Leon Cruz was one of Plaintiff's immediate supervisors (Id.). Although his schedule varied, Plaintiff says he ordinarily began work at 7:00 a.m., and continued until the job was completed (Id.). He asserts that he worked approximately 10 hours of overtime per week for which he was paid time but not the additional one-half, i.e., an additional $6 per hour (Id., at 2). Plaintiff's estimate, prior to the completion of discovery, was that he is owed $4,680 in additional compensation, not including liquidated damages or attorney's fees and costs (Id.).

Defendants deny liability and affirmatively allege that Plaintiff was an independent contractor (Doc. 19 at 5). They say Plaintiff was offered jobs, provided his own labor and tools, and his profit was dependent on his ability to efficiently complete projects to their satisfaction (Id.). Defendants affirmatively allege that the FLSA does not apply because their revenue during the relevant time period was less than $500,000 per year and they were not engaged in commerce, or the production of goods for commerce (Id.). Defendants also contend that Plaintiff's claim for liquidated damages is barred pursuant to 29 U.S.C. § 260 because they acted in good faith, with reason to believe their actions did not violate the FLSA (Id.).

On October 16, 2017, the parties submitted their proposed settlement agreement to the Court for approval (Doc. 30-1). The agreement provided for the payment of $2,000 in settlement of Plaintiff's FLSA claim and an additional $500 in return for a general release and mutual non-disparagement and confidentiality provisions (Id., at 2-3). In addition, Defendants agreed to pay Plaintiff's lawyer $2,500 in attorney's fees and costs (Id., at 3). After reviewing the parties' agreement, I recommended that it be rejected for reasons that included the lack of payment of any liquidated damages to Plaintiff (Doc. 31).

Before the district judge acted on my report and recommendation, the parties submitted a revised settlement agreement for the Court's consideration (Doc. 36-1). In the amended agreement, the amounts payable to Plaintiff and his lawyer did not change (Id., at 2-3). But, the parties stated that the $2,500 to be paid to Plaintiff was "in resolution for Plaintiff's unpaid overtime claim under the FLSA, including any claims for liquidated damages under the FLSA." (Id., at 3). Once again, I recommended that the Court reject

the parties' amended settlement agreement, and I criticized their handling of the liquidated damages issue (Doc. 37).

The parties have now submitted their second amended settlement agreement for the Court's consideration (Doc. 41-1). The agreement provides for the following installment payments:

(a) Within 10 calendar days of Court approval, Defendants will pay Plaintiff $1,250 of which half is allocated to wages and half is allocated to liquidated damages.

(b) Within 30 calendar days of the first payment, Defendants will pay Plaintiff $1,250 of which half is allocated to wages and half is allocated to liquidated damages.

(c) Within 30 calendar days of the second payment, Defendants will pay Plaintiff's lawyers $500.

(d) Within 30 calendar days of the third payment, Defendants will pay Plaintiff's lawyers $500.

(e) Within 30 calendar days of the fourth payment, Defendants will pay Plaintiff's lawyers $500.

(f) Within 30 calendar days of the fifth payment, Defendants will pay Plaintiff's lawyers $500.

(g) Within 30 calendar days of the sixth payment, Defendants will pay Plaintiff's lawyers $500.

(Id., at 3-4).

In return for these payments, Plaintiff has agreed to release Defendants from all claims he has "related to Plaintiff's claims under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq*." (Id., ¶ 3).

## II. The FLSA

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

## III. The Standard of Review

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought

directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

IV. Discussion

(a) The Settlement Amount

The parties contend, and I agree, that there exists a bona fide dispute in this case over several issues, including Defendants' independent contractor defense, and the number of hours Plaintiff actually worked (Doc. 41 at 5). The parties are represented by counsel of their own choosing, and Plaintiff is satisfied with the amount he will be receiving if this Settlement Agreement is approved. This is sufficient to satisfy me as to the reasonableness of the settlement amount.

(b) Liquidated Damages

An employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. 29 U.S.C. § 216(b). The award of liquidated damages in an amount equal to the amount of back pay is mandatory unless the employer can show that its actions were taken in good faith, and that it had reasonable grounds for believing its actions did not violate the statute. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1164 (11th Cir. 2008) (citing Spires v. Ben Hill Cnty., 980 F.2d 683, 689 (11th Cir. 1993) ("If a court determines that an employer has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 ....'")); see also Romero v. Harmony Ret. Living, Inc., No. 6:12-cv-838-Orl-22KRS, 2013 WL 5230662, at *6 (M.D. Fla. Sept. 16, 2013); Lowe v. Southmark Corp., 998 F.2d 335, 337 (5th Cir. 1993); E.E.O.C. v. White and Son Enter., 881 F.2d 1006, 1012 (11th Cir. 1989).

"'What constitutes good faith on the part of [an employer] and whether [the employer] had reasonable grounds for believing that [its] act or omission was not a

violation of the [Act] are mixed questions of fact and law ... [That test has] both subjective[1] and objective components.'" Dybach v. State of Fla. Dept. of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991). The good faith defense "is not available to an employer unless the acts or omissions complained of were 'in conformity with' the regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy upon which he relied." 29 C.F.R. § 790.14. An employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement." Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011); Dees, 706 F. Supp. 2d at 1236.

In an effort to satisfy the Court, the parties have characterized as liquidated damages, $1,250 they had originally treated as actual damages. Ordinarily, this would be a red flag but here, the parties' represent that Defendants' liability for liquidated damages was central to their negotiations, and that they believe the settlement amounts "fairly balance the monetary amounts at issue in the case with the risks inherent in proceeding with litigation rather than settling." (Doc. 41 at 3, 6). Nothing in the record contradicts the parties' position, and Plaintiff, who is represented by counsel, is satisfied with the outcome. Accordingly, in this instance, I respectfully recommend the Court look beyond the simple re-characterization of the damages to be paid, and accept the parties' assertion that in this case, it is fair and reasonable.

(c) The Release

The release in this case is narrowly tailored to Plaintiff's FLSA claims so as to pass judicial scrutiny. See Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (citing Heath v. Hard Rock Café Int'l, Inc., No.

---

[1] "To satisfy the subjective 'good faith' component, the [employer has the burden of proving] that [it] had 'an honest intention to ascertain what [the Act] requires and to act in accordance with it.'" Dybach, 942 F.2d at 1566.

6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011), *adopted by* 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011) (recommending that release provision limited to wage and hour claims was not a prohibited "side deal" that undermined the fairness or reasonableness of the parties' FLSA settlement)).

### (d) Attorney's Fees and Costs

Pursuant to 29 U.S.C. § 216(b), "[t]he court in [an FLSA action] shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In a collective FLSA action, "the Court must determine the reasonableness of attorneys' fees to minimize the conflicts that may arise between the attorney and the plaintiffs." Goldsby v. Renosol Seating, LLC, 294 F.R.D. 649, 655 (S.D. Ala. 2013) (citing Piambino v. Bailey, 610 F.2d 1306, 1328 (5th Cir.1980)).

The Settlement Agreement provides for the payment to Plaintiff's counsel of $2,500 in attorney's fees and costs. As the parties represent that this amounts was negotiated separately from the amounts claimed by Plaintiff for his underlying claim and the settlement is otherwise reasonable on its face, further review is not required (Doc. 41-1 at 4). Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1227, 1228 (M.D. Fla. 2009). Even if Bonetti did not apply, I find this amount to be fair and reasonable for representation of the Plaintiff.

## V. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **GRANTED,** the settlement agreement be **APPROVED**, and the case be **DISMISSED**, with prejudice.

## VI. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 24, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record